### RONALD A. McDONALD v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 15, 1907.

Nos. 15,296—(60).

Action in the district court for Carlton county to recover $1,875 for personal injuries sustained by plaintiff while attempting to board defendant's train. The case was tried before Dibell, J., and a jury which returned a verdict in

[1] Reported in 113 N. W. 1135.

favor of plaintiff for $1,750. The motion of defendant for judgment notwith-standing the verdict was denied, and a new trial granted. From the order denying the motion for judgment notwithstanding the verdict, defendant appealed. Affirmed.

*W. R. Begg, J. A. Murphy,* and *Herber McHugh,* for appellant.

*John Jenswold, Jr.,* for respondent.

PER CURIAM.

Action to recover damages for personal injuries which the plaintiff claims to have sustained while attempting to board a train of the defendant as a passenger, by reason of its negligence in failing to properly light its station platform at Carlton, this state. There was a verdict for the plaintiff for $1,-750, and the defendant appealed from an order of the district court of the county of Carlton denying its motion for judgment notwithstanding the verdict and granting a new trial solely on the ground of excessive damages. The defendant here urges that upon the undisputed evidence the trial court erred in denying its motion for a directed verdict, because there was no evidence to sustain a finding that the defendant was guilty of negligence, and, further, the evidence was conclusive that the plaintiff was guilty of contributory negligence; hence it was entitled to judgment notwithstanding the verdict.

We have examined the record, aided by the very full briefs of the respective counsel, and find that there was evidence tending to support the verdict in each of the particulars complained of. It follows that the trial court did not err in granting a new trial, instead of directing judgment absolute. Inasmuch as there must be a new trial of all of the issues, we refrain from discussing the evidence, for the obvious reason that to do so might prove prejudicial to the parties on the retrial of the case.

Order affirmed.